U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 JUL 10 PM 12: 38

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BANK OF AMERICA, N.A., )
    )
    Plaintiff, )
    )
v. )  Case No. 5:16-cv-83
    )
NEW ENGLAND QUALITY SERVICE, )
INC., EARTH WASTE & METAL, INC., )
EWM REAL ESTATE, INC., EWM, INC., )
EWS OF NY, INC., AMERICAN WASTE )
& METAL OF TN, INC., AMERICAN )
WASTE & METAL, LLC, WYRE WHEEL )
REAL ESTATE, INC., AMERICAN )
WASTE & METAL COMPANY OF NEW )
YORK, LLC, CASE STREET HOLDINGS, )
LLC, AMERICAN IRON & METAL OF )
TN, INC., and KEVIN C. ELNICKI, )
    )
    Defendants. )

**DECISION ON MOTION TO COMPEL 30(b) WITNESS AND ON CROSS MOTION
FOR PROTECTIVE ORDER
(Docs. 74, 79)**

Plaintiff Bank of America, N.A. ("BOA") brought this suit seeking to enforce its rights in connection with a suite of lending agreements it had with the above-captioned defendants. (*See* Doc. 1.) In an Amended Counterclaim, Defendants[1] assert that, instead of following through on an unwritten "tripartite lending arrangement" to refinance the debt, BOA accused Defendants of being in default and refused to disburse any further funds. (*See* Doc. 48.) Defendants claim that BOA's actions constitute breach of the loan agreement, breach of its duty of good faith and fair dealing, intentional interference with contractual relations, and render BOA liable for punitive damages. (*See id.*)

---

[1] Defendant Wyre Wheel Real Estate, Inc. ("Wyre Wheel") filed a separate Answer to BOA's Complaint (*see* Doc. 21), and did not join the counterclaims. For simplicity, the court refers here to all defendants except Wyre Wheel as "Defendants."

In an Opinion and Order filed January 4, 2017, the court dismissed the claim for punitive damages, the contractual-relations counterclaim, and (because it is duplicative of the breach-of-contract claim) the portion of Defendants' breach-of-good-faith-and-fair-dealing counterclaim alleging that BOA had an improper ulterior motive when it cross-defaulted all of Defendants' loans. (Doc. 53 at 26.) Discovery is underway. The court previously ruled on one discovery dispute, denying Defendants' motion to compel production of the files of an attorney who supplied legal advice to BOA. (Doc. 75.)

Currently pending is a pair of motions related to a March 20, 2017 Rule 30(b)(6) subpoena (the "Subpoena") that Defendants served upon BOA. (Doc. 74-2.) Defendants assert that BOA has failed to produce a Rule 30(b)(6) witness, and seek an order compelling production. (Doc. 74.) BOA opposes Defendants' motion, and cross-moves for a protective order. (Doc. 79.)

## Background

In their Amended Counterclaim, Defendants allege, among other things, that BOA purposely derailed the negotiations of the alleged tripartite debt consolidation program, and had an improper ulterior motive when it cross-defaulted all of Defendants' loans. (*See* Doc. 48 at 7; *see also* Doc. 23 at 18–20.) In its January 4, 2017 Opinion and Order, the court stated that if Defendants can prove that there was a binding preliminary agreement, "then they may also be able to prove that BOA stopped negotiating because BOA's actual purpose was to exit the commodities-financing business." (Doc. 53 at 18.) Defendants' Rule 30(b)(6) subpoena seeks a witness knowledgeable to testify regarding, among other things, BOA's reasons for refusing to provide further funding under the shredder loan, and "screen shots" of certain financial transactions. (Doc. 74-2 ¶¶ 1, 3.)

Before the Subpoena was served, Defendants had already deposed BOA relationship manager Scott L. Card (*see* Doc. 79-7) and Mr. Card's superior, Senior Credit Products Officer Mary Louise Grzeskowiak (*see* Doc. 79-6). At the time the Subpoena was served, two additional BOA representatives—Connie Medina and Special Assets Group officer Thomas McDermott— were scheduled to be deposed. In an email to Defendants' counsel Lisa Chalidze, BOA's counsel Daniel Flores asserted that "all of the subject areas as to which you are seeking information [in the Subpoena] could be covered by McDermott and Medina or could have been covered by Card and Grzeskowiak." (Doc. 79-3 at 2.) Attorney Flores continued: "I would suggest you attempt to cover the topics set forth in your 30(b)(6) notice with McDermott and Medina." (*Id.*) He advised Attorney Chalidze that, if she still felt she needed a 30(b)(6) witness after the McDermott and Medina depositions, they could discuss it then. (*Id.*) Mr. McDermott and Ms. Medina were deposed on March 23, 2017. (Docs. 79-5, 79-9.)

According to Attorney Chalidze, "none of these witnesses could provide answers to a number of the questions posed by the 30(b) notice." (Doc. 74-1 at 1.) She indicated in an April 11, 2017 email that, based on the depositions, she was "content" as to the answers to some of the questions in the Subpoena. (*See* Doc. 79-4 at 4–5.) But she maintained that a 30(b)(6) deposition was required to address some of the other questions. (*See id.*) In a reply dated April 19, 2017, Attorney Flores asserted that the remaining questions in the Subpoena had been (or could have been) asked and answered in the four previous depositions, were irrelevant, or could be answered in an interrogatory or affidavit. (*See id.* at 8–11.)

Attorney Chalidze responded, writing: "I really need live witnesses to depose; affidavits and/or interrogatory answers are not sufficient." (*Id.* at 13.) BOA then indicated that it was prepared to produce Ms. Grzeskowiak as its 30(b) witness. (*Id.* at 12.) In reply,

Attorney Chalidze wrote: "I believe we are entitled to a witness who has not already denied all knowledge of the topics at issue. Clearly there is someone up the chain with more knowledge than Ms. Grzeskowiak." (*Id.* at 15.) In an email on April 26, 2017 BOA insisted that Ms. Grzeskowiak is a witness "who can answer the identified questions," and noted that Defendants do not have a right to insist on a particular corporate representative under Rule 30(b)(6). (*Id.* at 14.) Defendants filed their motion to compel on April 28, 2017. (Doc. 74.)

## Analysis

In relevant part, Rule 30(b)(6) provides:

[A] party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6). To comply with Rule 30(b)(6), BOA would be required to produce one or more witnesses familiar with the subject matter set forth in the Subpoena, "and to prepare the designated witness so she may 'give complete, knowledgeable and binding answers on behalf of the corporation.'" *Kelly v. Provident Life & Accident Ins. Co.*, No. 1:09-CV-70, 2010 WL 5300807, at *2 (D. Vt. Dec. 20, 2010) (quoting *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008)). The court has authority to compel disclosure or discovery under Fed. R. Civ. P. 37(a), and also to enter a protective order under Fed. R. Civ. P. 26(c).

Defendants assert that "[i]t is clear from the paper trail that individuals within Bank of America superior to Mr. McDermott and Ms. Grzeskowiak, have greater knowledge about bank-wide concerns over the plummeting price of scrap metal" and that "this would impact the bank's

4

treatment of certain borrowers." (Doc. 81 at 2.) Defendants assert that BOA "leaped at the first opportunity that presented itself (covenant violation), as a pretext to terminate the lending relationship." (*Id.* at 3.) Defendants request "designation of individuals in positions of higher authority than Mr. McDermott and Ms. Grzeskowiak, both of whom have already denied knowledge of the topics at issue." (*Id.* at 4.) Defendants also seek a witness knowledgeable about certain "screen shots" and other alleged "documentation errors." (*Id.* at 5–6.)

BOA asserts that "Defendants have not accepted the information the Bank has provided in response to the Subpoena and have rejected, out of hand, the witness designated by the Bank to be deposed in accordance with [Rule 30(b)(6)]." (Doc. 79-1 at 3–4.) BOA notes that, as the party responding to a Rule 30(b)(6) subpoena, BOA, and not Defendants, designates the individual(s) to respond. (*Id.* at 7 & n.3.) According to BOA, Defendants' motion to compel is a "dilatory tactic designed to delay the conclusion of discovery." (*Id.* at 15.) Invoking Fed. R. Civ. P. 26(c), BOA asserts that it "should not be compelled to incur the time and expense of producing another witness to respond to questions already asked and answered and/or irrelevant to this action." (*Id.* at 16.) BOA seeks a protective order directing that "(A) the Bank be permitted to respond to the first portion of the Subpoena . . . question 2 via a sworn affidavit, and (B) no other response to the Subpoena is necessary and the Bank has no obligation to present a representative of the Bank in response to the Subpoena." (*Id.* at 2.)[2]

The court rejects BOA's request for a protective order that would relieve it of the obligation to supply a Rule 30(b)(6) witness. BOA may be correct that the four witnesses who

---

[2] BOA also objects to Defendants' request for a witness to explain the alleged "documentation errors," asserting that they have nothing to do with the claims or defenses at issue, and that the Subpoena does not request a witness for this purpose. (*Id.* at 15 n.4.) The court concludes that the topic of "documentation errors" fairly comes within paragraph 2 of the Subpoena, which requests a witness knowledgeable on "the process of providing borrowers with copies of the executed loan agreements and related loan documentation." (Doc. 74-2 ¶ 2.)

5

have already been deposed have supplied their answers to questions listed in the Subpoena. But the testimony given by Mr. Card, Ms. Grzeskowiak, Ms. Medina, and Mr. McDermott "is little more than that individual employee's view of the case and is not binding on the corporation." *Cipriani v. Dick's Sporting Goods, Inc.*, No. 3:12 CV 910(JBA), 2012 WL 5869818, at *2 (D. Conn. Nov. 19, 2012) (quoting *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *2 (D. Kan. Feb. 19, 2010)). A Rule 30(b)(6) deposition, in contrast, would bind BOA and would ensure that BOA supplies a witness (or witnesses) with knowledge of facts known to the *organization*, not merely the knowledge of any individual witness or corporate official. *See* Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment (Rule 30(b)(6) "will curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it"); *see also Kelly*, 2010 WL 5300807, at *2 (Rule 30(b)(6) witnesses must be prepared to give complete, knowledgeable, and binding answers).

Here, four BOA witnesses already have been deposed individually. It is not clear whether their testimony represents the knowledge of BOA on the issues that they discussed. If it does, then BOA may elect to deem their testimony to constitute Rule 30(b)(6) testimony. *See Presse v. Morel*, No. 10 Civ. 2730(WHP)(MHD), 2011 WL 5129716, at *2 (S.D.N.Y. Oct. 28, 2011) (to avoid "wasteful procedure" of deposing company's witnesses twice, court adopted company's suggestion that witness's prior individual deposition testimony be deemed to constitute Rule 30(b)(6) testimony). On any issues listed in the Subpoena but not answered by a deponent whose testimony that BOA is willing to deem Rule 30(b)(6) testimony, BOA must

6

designate and prepare Ms. Grzeskowiak or other suitable witnesses to supply Rule 30(b)(6) testimony.[3]

At the same time, the court rejects Defendants' request that BOA designate "individuals in positions of higher authority than Mr. McDermott and Ms. Grzeskowiak" as BOA's Rule 30(b)(6) witnesses. (Doc. 81 at 4.) As BOA correctly notes, the party responding to a Rule 30(b)(6) request designates the individual(s) to respond. *See McIntyre v. BF Capital Holding, LLC*, No. 3:14cv33(RNC), 2016 WL 5219445, at *1 (D. Conn. Sept. 20, 2016) ("[T]he noticed organization is empowered with the right—and obligation—to designate the person(s) to testify on its behalf. There is no procedural vehicle for the [noticing party] to choose [the] corporate designee."); *Wultz v. Bank of China Ltd.*, 298 F.R.D. 91, 99 (S.D.N.Y. 2014) (court cannot compel corporation to designate a specific person under Rule 30(b)(6), but can compel corporation to select a designee and educate her in accordance with the rule).

## Conclusion

Defendants' Motion to Compel 30(b) Witness (Doc. 74) is GRANTED IN PART and DENIED IN PART. The motion is granted insofar as it seeks to compel BOA to designate, prepare, and make one or more Rule 30(b)(6) witnesses available. BOA may comply by agreeing to deem as Rule 30(b)(6) testimony the responses already supplied by Mr. Card, Ms. Grzeskowiak, Ms. Medina, and Mr. McDermott. On any issues listed in the Subpoena but not answered by a deponent whose testimony that BOA is willing to deem Rule 30(b)(6) testimony, BOA must designate and prepare Ms. Grzeskowiak or other suitable witnesses of its

---

[3] The court recognizes BOA's position that Subpoena questions 2–6 and 10–11 are irrelevant to any claim or defense in the case. (*See* Doc. 79-1 at 8–10, 13.) Defendants do not address those contentions directly, and focus instead on what they say is the "impasse" over provision of a Rule 30(b)(6) witness. (Doc. 81 at 1.) The court has reviewed the twelve topics listed in the Subpoena (Doc. 74-2), and concludes that they come within the scope of discovery under Fed. R. Civ. P. 26(b)(1).

7

choosing to supply Rule 30(b)(6) testimony. The motion is denied insofar as it seeks an order from the court requiring BOA to designate any particular witness.

BOA's Cross-Motion for a Protective Order (Doc. 79) is DENIED.

Dated at Rutland, in the District of Vermont, this 10 day of July, 2017.

_____
Geoffrey W. Crawford, Judge
United States District Court